IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

MATTHEW L. STASZAK                                                                                           PLAINTIFF
Reg #24227-171

v.                                              2:16CV00168-KGB-JJV

USA; *et al.*                                                                                                       DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Kristine G. Baker. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before either the District Judge or Magistrate Judge, you must, at the time you file your written objections, include the following:

1.     Why the record made before the Magistrate Judge is inadequate.

2.     Why the evidence to be proffered at the new hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.     The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial

1

evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

### I.  INTRODUCTION

Matthew L. Staszak ("Plaintiff") is incarcerated at the Forrest City Low Federal Correctional Institution, and filed this action *pro se* pursuant to 42 U.S.C. § 1983. (Doc. No. 1.) He makes numerous allegations against Correctional Officer K. Brister. (*Id*. at 3-16.) He sues Defendant Brister pursuant to *Bivens v. Six Unknown Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), and the United States of America through the Federal Tort Claims Act. After carefully reviewing Plaintiff's Complaint, I find that he has failed to state a claim upon which relief may be granted and his Complaint should be dismissed without prejudice.

### II.  SCREENING

The Prison Litigation Reform Act (PLRA) requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). Whether a plaintiff is represented by counsel or is appearing *pro se*, his complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent,* 780

F.2d 1334, 1337 (8th Cir.1985).

An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The factual allegations must be weighted in favor of Plaintiff. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "In other words, the § 1915(d) frivolousness determination, frequently made *sua sponte* before the defendant has even been asked to file an answer, cannot serve as a factfinding process for the resolution of disputed facts." *Id.*

### III.   ANALYSIS

Plaintiff makes broad sweeping allegations of misconduct by Defendant Brister. He says, "The Defendant, Officer K. Brister['s] malicious abuses of power and misconduct has [*sic*] violated Plaintiff's rights under the First, Eighth and Fourteenth Amendments of the Constitution." (Doc. No. 1 at 15.) He alleges Defendant Brister subjected him to, *inter alia*, threats, taunting, verbal abuse, and threats of physical violence and administrative disciplinary actions. (*Id.* at ¶¶ 13-145.) Mr. Staszak says, "The Defendant vindictively targeted Plaintiff to suffer assault, defamation of character, emotional distress, humiliation, degradation, oppression, ridicule and annoyances resulting in harm to Plaintiff." (*Id*. at 15.)

Plaintiff makes disturbing allegations that, if true, should not be tolerated by the Bureau of Prisons. However, it is well established that verbal threats, standing alone, do not state an actionable claim under section 1983. *Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) ("Verbal threats are not constitutional violations cognizable under § 1983."). I recognize threats made in retaliation for the exercise of an inmate's First Amendment rights can give rise to a cognizable claim under section 1983. *See Burgess v. Moore*, 39 F.3d 216, 218 (8th Cir. 1994) ("[A] threat of retaliation is sufficient injury if made in retaliation for an inmate's use of prison grievance procedures."); *see also*

3

*Santiago v. Blair*, 707 F.3d 984, 992 (8th Cir. 2013) ("[W]e conclude that a reasonable jury could find that threats of death, issued by a correctional officer tasked with guarding a prisoner's segregated cell, would chill a prisoner of ordinary firmness from engaging in the prison grievance process."). Here, any alleged threats were made without regard to Plaintiff's exercise of his constitutional rights. And based on Plaintiff's Complaints, any threats had no chilling effect. So Plaintiff's allegations involving threats and name calling fail to rise to the level of a constitutional violation and should be dismissed.

Plaintiff also makes an allegation he was denied his First Amendment right to access the courts. He says on May 18, 2016, he missed a scheduled "Discovery Dispute Hearing via telephone conference . . . due to false information given to him by his unit Counselor, Federal Bureau of Prisons Officer, Defendant K. Brister . . . " (Doc. No. 1 at ¶¶ 14-15.)

Inmates undeniably enjoy a constitutional right of access to the courts and the legal system. *Myers v. Hundley*, 101 F.3d 542, 544 (8th Cir. 1996). "To prove a violation of the right of meaningful access to the courts, a prisoner must establish that the state has not provided the inmate with an opportunity to litigate a claim challenging the prisoner's sentence or conditions of confinement in a court of law, which resulted in actual injury, that is, the hindrance of a nonfrivolous and arguably meritorious underlaying legal claim." *Hartsfield v. Nichols*, 511 F.3d 826, 831-32 (8th Cir. 2008). An inmate sustains an actual injury when a nonfrivolous legal claim has been frustrated or impeded. *Id*. Alleging theoretical inadequacies is insufficient. *Id*. The inmate must show, for example, that a complaint he prepared was dismissed for failure to satisfy some technical requirement, which because of the inadequacies in the prison law library, the prisoner could not have known, or that the prison law library was so inadequate that it prevented him from filing a complaint for actual harm. *Lewis v. Casey*, 518 U.S. 343, 351 (1996); *Myers*, 101 F.3d at 544.

Other than the hearing having to be rescheduled (Doc. No. 1 at ¶¶ 20-23), Plaintiff alleges no injury as a result of Defendant Brister's alleged misconduct. Plaintiff's failure to allege any injury fails to amount to the ". . . hindrance of a nonfrivolous and arguably meritorious underlaying legal claim." *Hartsfield* at 831-32. So his access to courts claim should be dismissed.

For the same reasons, Mr. Staszak's claims against the United States under the Federal Tort Claims Act should also be dismissed. *See* 28 U.S.C. § 2680(a), (c) (FTCA's waiver of sovereign immunity shall not apply to any claim based on federal agent's exercise or performance of discretionary function, or to any claim arising in respect of detention of any goods, merchandise, or other property by law enforcement officer); § 1346(b)(2) (requiring person convicted of felony who is incarcerated while serving sentence to show physical injury before bringing civil action against United States for mental or emotional injury). *If true,* Plaintiff makes some disturbing allegations of unprofessionalism. However, according to his Complaint, he suffered no injury. Therefore, his claims should be dismissed.

## IV.   CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1.   Plaintiff's Complaint (Doc. No. 1) be DISMISSED without prejudice for failure to state a claim upon which relief may be granted.

2.   Dismissal of this action count as a "strike" for purposes of 28 U.S.C. § 1915(g).[1]

3.   The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting these recommendations would not be taken in good faith.

---

[1] Title 28 U.S.C. § 1915(g) provides that: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted . . . ."

Dated this 14th day of December, 2016.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE